# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDERRAHIM SADDAS,<br><br>                   Plaintiff,<br>  vs.<br><br>CITY OF SAN DIEGO; CITY COUNCIL; CITY ATTORNEY; MAYOR; CHIEF OF POLICE; and POLICE OFFICER M. KNUTSON,<br><br>                   Defendants. | CASE NO. 09cv1958 JM(CAB)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; VACATING EARLIER DISMISSAL |

On September 11, 2009 the court entered an order declining to exercise subject matter jurisdiction under <u>Younger v. Harris</u>, 401 U.S. 37 (1971) to enjoin a September 16, 2009 state court hearing on a criminal misdemeanor charge alleged against Plaintiff (the "Order"). (Docket No. 11). Reconsideration is generally appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. . . . There may also be other, highly unusual circumstances warranting reconsideration." <u>School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

Plaintiff contends that the court committed clear error when it abstained from exercising subject matter jurisdiction. The court responds to several of the arguments

1 raised by Plaintiff. First, the Order was not a ruling on the merits, as argued by
2 Plaintiff. (Motion at p.819-22). The Order should not be construed as reflecting any
3 comment, opinion, or ruling on the merits of Plaintiff's civil rights claims. The Order
4 does not bar Plaintiff from pursuing his claims against Defendants. The Order simply
5 declines to intervene in the on-going criminal dispute pending in state court. Second,
6 Plaintiff argues that the court "made what appears to be an innocent mistake regarding
7 whether charges are pending before the Superior Court." (Motion at p.2:26-27). In the
8 TRO motion, Plaintiff represented that the misdemeanor citation had been rejected by
9 the City Attorney and that he had written the City Attorney to confirm the disposition
10 of his case. (TRO Motion ¶¶5, 6). He also sought to enjoin the hearing from going
11 forward, even though he represented that the hearing was not going forward. (Id. ¶23).
12 The only new information raised in the motion for reconsideration is a September 11,
13 2009 letter received from the City Attorney wherein he represents that the report on the
14 incident at the gas station "has been reviewed and sent back for further investigation."
15 (Exh. 1). The letter also indicates that "charges could be filed at a later date." Id.
16 Accordingly, there are no pending charges against Plaintiff.

17 The court notes that if the state hearing is not going forward, there is no basis to
18 enjoin the state court from proceeding with a non-scheduled hearing. Under these
19 circumstances, the court denies the TRO motion as moot because there is no scheduled
20 hearing to enjoin.

21 With respect to the future course of the present action, the court vacates its earlier
22 dismissal and instructs the Clerk of Court to re-open this action nunc pro tunc to
23 September 14, 2009, the date Plaintiff filed his motion for reconsideration.
24 ///
25 ///
26 ///
27 ///
28 ///

1  Defendants are instructed to file a response to the complaint within the time frame
2  provided by the Federal Rules of Civil Procedure.
3      **IT IS SO ORDERED.**
4  DATED: September 15, 2009

                                              */s/ Jeffrey T. Miller*
                                      Hon. Jeffrey T. Miller
                                      United States District Judge

cc:        All parties