# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDERRAHIM SADDAS,<br><br>  Plaintiff,<br>vs.<br><br>CITY OF SAN DIEGO; CITY COUNCIL; CITY ATTORNEY; MAYOR; CHIEF OF POLICE; and POLICE OFFICER M. KNUTSON,<br><br>  Defendants. | CASE NO. 09cv1958 JM(CAB)<br><br>ORDER GRANTING MOTION TO DISMISS; GRANTING LEAVE TO AMEND; DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; DENYING MOTION FOR SANCTIONS |

Before the court are three separate motions: Defendant City of San Diego's ("City") motion to dismiss or, in the alternative, for a more definite statement; Plaintiff Abderrahim Saddas' motion for a temporary restraining order and preliminary injunction; and Plaintiff's motion for sanctions. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the motion to dismiss is granted; the motion for injunctive relief is denied, and the motion for sanctions is denied. The court also grants Plaintiff 20 days leave to amend from the date of entry of this order.

## BACKGROUND

On September 8, 2009 Plaintiff commenced this federal question action alleging that Defendants City of San Diego, City Council, City Attorney, Mayor, Chief of

Police, and Police Officer M. Knutson (collectively "Defendants") violated, among other statutes, his civil rights under 42 U.S.C. §1983. Plaintiff broadly alleges that all Defendants conspired

> "to refrain from enforcing the laws against each other and the San Diego Police Department in an endeavor to defraud the United States, the State of California and the people of San Diego of their intangible right to (1) rule of law; (2) the execution and enforcement of all laws, ordinances, and policies of the City; (3) the operation and control of the Police Department; and (4) the honest services of government officers and employees."

(Compl. 7). The Complaint then cites extensively from the criminal complaint filed against former City Council Members Ralph Inzunza and Michael Zucchet, (Compl. ¶¶12-15), cites several pages of legal authorities, (Compl. ¶¶20-27), and numerous other allegations not germane to Plaintiff's claims.

Plaintiff's claims against Defendants arise from an incident which occurred on July 20, 2009 at a Chevron gasoline station located on Balboa Avenue in San Diego, California. (Compl. ¶¶101, 183-189). Plaintiff alleges that he engaged in a "heated exchange of words" with employees at the gas station. The employee reported the incident to the San Diego Police Department ("SDPD"). On the same date, the SDPD maintained surveillance of Plaintiff's home. Later that day Plaintiff was stopped while driving on Route 163. Plaintiff alleges that a Channel 8 news team arrived in "a coordinated event for the evil purpose of fanning the flames of anti-immigration, pro-racism and pro-discrimination, while using the media to conceal police alleged conspiratorial misconduct and promoting media commercial and advertisements and need for aggressive racial profiling of U.S. citizens and foreign exchange students from the Middle East, Africa, Afghanistan and Iran." (Compl. ¶91). Plaintiff was removed from his car "so that he might be photographed and videotaped by Channel 8 News. [It] was designed to promote a government-endorsed program of civil rights violations and deliberate indifference." (Compl. ¶92).

Plaintiff alleges that the police made an "unconstitutional traffic stop," (Compl. ¶94), and then unlawfully searched his vehicle. (Compl. ¶97). Shortly after Plaintiff

1  was arrested, the police did a drive-by line-up with a male employee from the gas
2  station. (Compl. ¶101(F)).  Apparently, Officer Knutson provided Plaintiff with a
3  Notice to Appear, charging him with violation of Cal. Penal Code. §415(3). (Compl.
4  ¶117). Further, Plaintiff alleges that after the terrorist attack of September 11, 2001, the
5  SDPD engaged in racial profiling and that he was a victim of such profiling because he
6  is a naturalized U.S. citizen of African race from the country of Morocco.  (Compl.
7  ¶¶114, 117, 121).

8       On July 28, 2009 Plaintiff was ticketed for failure to wear a seatbelt.  (Compl.
9  ¶123).  This was related to the alleged unlawful arrest on Route 163 and a further act
10 of "the war on terror; the conspiracy to discriminate against immigrants from Africa,
11 the Middle East and Arabia. . . ." Id.

12      On August 28, 2009 Plaintiff discovered that the misdemeanor criminal charge
13 and the Notice to Appear citation had been rejected by the City Attorney's office for
14 prosecution. (Compl. ¶41). Plaintiff alleges that he did not engage in "fighting words"
15 as identified in Cal.Penal Code §415(3).  No charges are currently pending against
16 Plaintiff. Plaintiff requested that the City Attorney confirm that no charges are pending
17 against him. However, Plaintiff did not receive any response. (Compl. ¶42). On July
18 30, 2009 Plaintiff filed a tort claim with the City. On August 25, 2009, the City denied
19 Plaintiff's tort claim.

20      Based upon the above generally described conduct, Plaintiff alleges eight causes
21 of action: (1) municipal liability against all Defendants under Monell v. Dept. of Soc.
22 Serv. Of The City of New York, 436 U.S. 658 (1978); (2) violation of Plaintiff's First
23 Amendment rights, 42 U.S.C. §1983; (3) violation of Plaintiff's Fourth Amendment
24 right to personal security, 42 U.S.C. §1983; (4) violation of Plaintiff's Fourth
25 Amendment right to liberty in personal effects, 42 U.S.C. §1983; (5) violation of
26 Plaintiff's Fourteenth amendment right to travel, 42 U.S.C. §1983; (6) violation of
27 Plaintiff's Fourth Amendment right to pursue his occupation, 42 U.S.C. §1983; (7)
28 conspiracy to intentional infliction of emotional distress, 42 U.S.C. §1983; and (8)

preliminary and permanent injunctive relief.

## DISCUSSION

**City's Motion to Dismiss**

City moves to dismiss the Complaint for failure to comply with Rule 8's requirement to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Federal Rules require that allegations "be simple, concise and direct." McHenry v. Renne, 74 F.3d 1172, 1177 (9th Cir. 1996). Where a plaintiff appears in propria persona in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621 at 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.; see also Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under section 1983.) "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733 F.2d at 649 (internal quotation omitted).

Here, the court concludes that the complaint, consisting of 72 pages of writings with 276 paragraphs of allegations and 41 pages of exhibits, is unnecessary long, replete with redundancy, and contains numerous largely irrelevant allegations. For example, the complaint dedicates several pages to discussing a prior corruption trial involving the San Diego Counsel, (Compl. ¶¶12-15), quotes extensively from the City Charter and California Constitution, (Compl. ¶¶16-27), purports to recite incidents where the City and others engaged in unlawful warrantless arrests, (Compl. ¶32), and sets forth

numerous paragraphs discussing racial profiling and terrorism, (Compl. ¶¶108-119, 124-173).

In broad brush, all of Plaintiff's claims arise pursuant to Section 1983 of the Civil Rights Act. Section 1983 provides that,

> Every person who, under the color of any statute ... subjects ... any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994). To state a claim pursuant to section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of the law. West v. Atkins, 487 U.S. 42, 48, (1988). In addition, where a plaintiff asserts a section 1983 claim against a municipality based on the actions of its employees, the plaintiff must establish that the acts complained of were taken pursuant to a policy or practice of the municipality. See Monell, 436 U.S. at 658.

While the court grants the motion to dismiss for failure to comply with Rule 8, the court also grants Plaintiff 20 days leave to file to an amended complaint. Plaintiff alleges several Section 1983 claims arising under the First, Fourth and Fourteenth Amendments. With respect to these claims the court notes as follows: (1) the basis for the First Amendment Claim is not clear from the complaint - further allegations are required to state a claim. (2) The basis for Plaintiff's Fourth and Fourteenth Amendment claims are also not sufficiently identified in the complaint. With respect to the false arrest/imprisonment claim, Plaintiff must, at a minimum, allege that the Officer lacked probable cause to arrest him. The court has identified several of the

complaint's shortcomings in order to assist Plaintiff in filing an amended complaint.[1]

Plaintiff is instructed to file a shorter complaint identifying, in a clear, concise, and direct manner, only those allegations which show that he is entitled to relief. Plaintiff need not set forth in the complaint a discussion of legal authorities nor allegations that relate to cases involving other individuals.

**Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction**

Preliminary injunctive relief is available if the party meets one of two tests: "(1) a combination of probable success and the possibility of irreparable harm, or (2) serious questions are raised and the balance of hardships tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. Under both formulations, however, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury." Id. Further, if a case implicates the public interest, the court also must consider this factor. Caribbean Marine Svcs. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

On the merits, Plaintiff contends that he was falsely accused of having violated Cal. Pen.Code §415(3) for using profanity in a public place. (Motion at p.2:1-3). The court notes that it could not locate any admissible evidence in support of this assertion. Even if Plaintiff were to submit some evidence in support of the merits of his claim, the court notes that Plaintiff fails to establish a significant threat of irreparable harm. As noted by Plaintiff, Deputy City Attorney Michelle A. Garland informed Plaintiff that "there are no charges currently pending in the Superior Court regarding the July 20.,

---

[1] In order to assist Plaintiff in filing an amended complaint, the court further notes, as do Defendants, that Plaintiff must identify by name the individual defendants. While the individual City employees may be sued in their official capacities, they must be individually named. The rule cited by Plaintiff, Fed.R.Civ.P. 25(d), only applies in the case where a properly named public officer defendant dies during the pendency of the lawsuit. Similarly Plaintiff must make proper service of process on the individual defendants.

1  2009 alleged false arrest and false accusation of a crime." (Motion at ¶18). While
2  Plaintiff was also informed that "charges could be informed at a later date," such a
3  statement fails to establish a significant threat of irreparable injury.
4      Moreover, the court is not inclined, on the present record, to restrain the City
5  from acting on the Notice to Appear. Under Younger v. Harris, 401 U.S. 37 (1971),
6  federal courts may not interfere with ongoing state criminal proceedings absent
7  extraordinary circumstances. Id. at 45-46. Absent extraordinary circumstances,
8  abstention under Younger is required when: (1) state judicial proceedings are ongoing;
9  (2) the state proceedings involve important state interests; and (3) the state proceedings
10 afford an adequate opportunity to raise the federal issue. Columbia Basis Apartment
11 Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001). Unless Plaintiff demonstrates
12 extraordinary circumstances, these three criteria appear satisfied.
13     In sum, the court denies the motion for injunctive relief.

**Plaintiff's Motion for Sanctions**

15     The thrust of Plaintiff's motion for sanctions is that there was no legitimate basis
16 for the City to file a motion to dismiss and therefore he is entitled to sanctions. Because
17 City's motion has some merit, the court denies Plaintiff's motion for sanctions.
18     In sum, the motion to dismiss is granted, the motion for injunctive relief is
19 denied, the motion for sanctions is denied, and Plaintiff is granted 20 days leave to
20 amend from the date of entry of this order.
21     **IT IS SO ORDERED.**
22 DATED: November 23, 2009

Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties